CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for H'burg
JAN 19 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:06CR00041-11 |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| SHERRY LYNN SLOANE, | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant in Count One with willfully and knowingly combining, conspiring, confederating, and agreeing together, with persons known and unknown to the Grand Jury, to commit offenses against the United States, to wit: to manufacture, distribute, and possess with intent to distribute 50 or more grams of cocaine base, in violation of Title 21, United States Code, Section 841(a), all in violation of Title 21, United States Code, Section 846; and in Count Twenty-Nine a forfeiture allegation pursuant to Title 21, United States Code, Section 853.

On January 11, 2007, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One of the Indictment. The government has agreed to move for the dismissal of the remaining counts of the Indictment upon acceptance of plaintiff's guilty plea. The defendant agreed that the government had probable cause to bring the counts in the Indictment which are being dismissed.

At this hearing the defendant was placed under oath and testified that her full legal name is Sherry Lynn Sloane, she was born on August 27, 1981, and she attended high school through the tenth grade. The defendant stated that she can read, write, and understand the English language. The defendant stated that she was fully aware of the nature of the charges against her and the consequence of pleading guilty to those charges. The defendant further testified that she was not under the influence of alcohol, medicine, or any drug. Defendant stated that she had no other physical or mental condition which impaired her ability to understand the nature of the proceedings being held.

The defendant testified that she had received a copy of the Indictment pending against her and that she had fully discussed the charges therein, and her case in general, with her counsel. The defendant stated that she was pleading guilty of her own free will because she was, in fact, guilty of the offense charged. The defendant specifically testified that she understood that under the terms of the agreement she was waiving any right to appeal or to collaterally attack her conviction or sentence and that she was waiving her right to have a jury determine beyond a reasonable doubt any facts alleged in Count One. The defendant testified that she also understood that the government retained all of its rights to appeal sentencing issues. The defendant stated that no one had made any promises, assurances, or threats to her in an effort to induce her plea. The defendant agreed that if for any reason the plea agreement is withdrawn or otherwise not consummated she waived her right to raise the defense of the statute of limitations. The defendant testified that she understood that the offense with which she is charged in Count One is a felony and that, if her plea is accepted, she will be adjudged guilty of that offense. The defendant stated she understood that she must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a

form provided by the government within thirty days of the date of the plea agreement. The defendant also testified that she was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of her case. The defendant acknowledged that she consented to the forfeiture, official use and/or destruction of any illegal firearms or illegal contraband seized by law enforcement officials from her possession or control. The defendant further acknowledged that she consented to forfeit any right, title and interest she has in assets purchased with proceeds of her illegal activity, directly or indirectly and that such a forfeiture of property is proportionate to the degree and nature of the offense she committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993).

The defendant was informed that the maximum possible penalty provided by law for the offense with which she is charged in Count One is a $4,000,000 fine, life imprisonment, plus a period of supervised release. The defendant was further informed that Count One has a mandatory minimum sentence of ten years imprisonment. Finally, plaintiff was informed that her assets might be subject to forfeiture.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that she and her counsel had discussed how the sentencing guidelines might apply in her case. The defendant also testified that she understood that

3

the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. She stated that she understood that the eventual sentence imposed may be different from any estimate her attorney had given her and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty. The defendant stated that she knew that parole had been abolished and that if she is sentenced to prison she will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant stated that she agreed to accept responsibility for her conduct and she understood that, contingent upon her acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of her duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and because she meets the listed criteria, the government will also recommend that she be granted an additional one-level (1) reduction under USSG § 3E1.1(b), if the offense level calculated by the court is 16 or greater. The defendant stated that she was aware that pursuant to the Sentencing Guidelines the sentencing judge could add or subtract up to four sentencing points to her sentencing level based upon her role in the offense, and defendant informed the court that she and the government had agreed that a two level (2) reduction in her offense level was applicable because she played a minor role in the offense. The defendant stated that she understood that even if she fully cooperates with law enforcement officials, the government is under no obligation to file a motion for substantial assistance. The defendant stated that she and the government agreed that for purposes of USSG §§ 2D1.1 and 1B1.3 she would

4

be held responsible for at least 50 but less than 150 grams of cocaine base. The defendant stated that she understood that any information given by her during a proffer or cooperation would not be used against her to enhance her sentence under USSG § 1B1.8. The defendant acknowledged that she is facing prosecution by state of Virginia authorities for possession of cocaine on January 10, 2006, and she stated that she and the government had agreed that if this conduct is fully taken into consideration in determining her offense level at sentencing in the instant case the government will recommend that her federal sentence be run concurrently with any undischarged term of imprisonment for the State offense. The defendant testified she understood that the government would not seek to enhance her statutory sentence by virtue of the January 10, 2006 possession offense.

The defendant testified that she understood that she had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if her guilty plea is accepted:

1. The right to plead not guilty to any offense charged against her;
2. The right at trial to be presumed innocent and to force the government to prove her guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in her own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless she voluntarily elects to do so in her own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that she understood that if she is adjudged guilty of these charges, she may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel. The defendant also stated that she believed her counsel's representation had been effective. The defendant testified that she understood the possible consequences of her plea. The defendant asked the court to accept her plea of guilty to Count One of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived her right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein is as follows:

Come now the United States of America, by counsel, and SHERRY LYNN SLOANE, by counsel and in proper person, and stipulate to following facts in support of the guilty plea. The parties agree that the stipulated facts set forth below are accurate in every respect and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt. In addition, the United States and I agree to the stipulation of facts with the belief that said stipulation sets forth the relevant facts and circumstances as required by Section 6B1.4 of the Sentencing Guidelines. The parties stipulate as follows:

Beginning at an unknown date but not later than January 2002, and continuing to September 6, 2006, an agreement existed in the Western District of Virginia between two or more persons to distribute and possess with intent to distribute 50 or more grams of cocaine base, or "crack". The defendant knew of the agreement, and he knowingly and voluntarily became a member of the conspiracy.

On January 10, 2006, SHERRY LYNN SLOANE possesses .062 grams of crack cocaine in her purse at 441 ½ Highland Ave., Winchester, VA.

On January 11, 2006, SHERRY LYNN SLOANE sold .9 grams of crack cocaine in Winchester, Virginia, to a person working under the close supervision of law enforcement, for the price of $150.

At various times during the existence of the conspiracy, SHERRY LYNN SLOANE brought customers to co-conspirators so that they could sell the customers crack cocaine, and facilitated cocaine trafficking by allowing co-coinspirators to sell in from of her residence and giving them cover stories in the event they were stopped by police.

Interviews with witnesses and coconspirators as of the date of this Statement of Facts establish that SHERRY LYNN SLOANE, either directly or through conduct by coconspirators that was reasonably foreseeable to her, was responsible at least 50 but less than 150 grams of cocaine base.

SHERRY LYNN SLOANE sold to users of crack cocaine, did not have a supervisory or managerial role over other individuals in the conspiracy, and was a minor participant in the criminal activity charged in this and related indictments.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of her plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One and adjudge her guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for March 26, 2007 at 3:00 p.m. before the presiding District Judge in Harrisonburg.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: /s/
United States Magistrate Judge

Date: January 19, 2007